GLD-035                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3089
_____

DOUGLAS KEITH WEIGHER,
                                                        Appellant

v.

PRISON HEALTH SERVICES; DEPARTMENT OF CORRECTIONS; DR. SYMONS;
AARON THOMPSON
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:09-cv-00418)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 12, 2010

Before:  AMBRO, CHAGARES and NYGAARD, Circuit Judges


(Opinion filed November 23, 2010)
_____

OPINION
_____

PER CURIAM

      This is an appeal from the District Court's grant of defendants' motion to dismiss.

For the following reasons, we will summarily affirm.  See 3d Cir. L.A.R. 27.4; 3d Cir.

I.O.P. 10.6.

In 2009, Douglas Weigher, an inmate at the State Correctional Institute at Rockview ("Rockview"), filed a pro se civil rights action in the District Court pursuant to 42 U.S.C. § 1983. Weigher alleged that Prison Health Services, Inc. ("PHS"), Physician Assistant ("PA") Aaron Thompson, and Dr. John Symons provided inadequate medical treatment in violation of the Eighth Amendment of the United States Constitution. In his original complaint, Weigher claimed that he had an "inflamed and ruptured disc" that resulted in numbness in his legs and toes. In his amended complaint, Weigher asserted that his "back went out" while working a prison job, and that he went through eight months of pain and suffering before medical staff attended to his back problem. More specifically, Weigher claimed that Dr. Symons avoided Weigher for four months, and then saw him when his back went out and prescribed him ineffective pain medication. Weigher also alleged that PA Thompson attended to Weigher at three to four sick calls, concluded there was nothing wrong with Weigher's back, and took no action to improve Weigher's back condition.[1]

In December 2009, the defendants filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss, to which Weigher never responded. Months later, Weigher filed a motion to

---

[1] The District Court took into account both the original and the amended complaint in its analysis, and also considered the Pennsylvania Department of Corrections ("DOC") as a defendant, even though Weigher did not mention the DOC in his amended complaint. Liberally construing Weigher's filings, we will also take into account both versions of the complaint. We consider Weigher's claim against the DOC along with his claims against other individuals listed only in the original complaint.

appoint counsel. In April 2010, the District Court denied Weigher's motion to appoint counsel, and in June 2010 dismissed Weigher's amended complaint. Weigher now appeals from those decisions and also requests appointment of counsel.[2]

Our review of a District Court order granting a motion to dismiss under Rule 12(b)(6) is plenary, and we accept all well-pleaded allegations contained in the complaint as true while drawing all reasonable inferences in Weigher's favor. Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The District Court properly dismissed PHS from the action. PHS is a private corporation which provides health care service at Rockview. Weigher does not assert that PHS had any policy, practice, or custom which led to Weigher's alleged injury, or had any direct involvement in the alleged wrongful conduct. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Instead, Weigher's claim seems based on the argument that PHS is responsible for Dr. Symons and PA Thompson's alleged

_____

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291, and may affirm the District Court's judgment on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

misconduct. Because a § 1983 claim cannot be grounded in a theory of respondeat superior, Weigher's claim against PHS fails. See id.

The District Court also properly dismissed Weigher's claim that Dr. Symons and PA Thomas were deliberately indifferent to his back problems. The Eighth Amendment's prohibition of cruel and unusual punishment requires prison officials to provide basic medical treatment to inmates. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). To make out a successful claim of cruel and unusual punishment, the prisoner must prove that the defendant was deliberately indifferent to the prisoner's serious medical needs. Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

To establish deliberate indifference, a prisoner must show that the prison employee knew of and disregarded an excessive risk to the prisoner's health. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). We have found deliberate indifference where a prison official: knows of a prisoner's need for medical treatment but intentionally refuses to provide it; delays necessary medical treatment for non-medical reasons; or prevents a prisoner from receiving needed or recommended treatment. See Rouse, 182 F.3d at 197. "[C]laims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Id.

Weigher's hazy allegations regarding Dr. Symons are not enough to establish a plausible claim of deliberate indifference. First, Weigher claims Dr. Symons was avoiding him for four months, but does not support that allegation with any further facts.

4

Next, Weigher argues that when Dr. Symons did treat him after Weigher threw out his back, the medication Dr. Symons prescribed was not effective. Weigher provides no evidence that Dr. Symons purposefully prescribed ineffective medication, and as a result, the claim more closely resembles one of negligence as opposed to deliberate indifference. Finally, Weigher alleges that once Dr. Symons learned the seriousness of Weigher's condition, he "changed his tune like he was going to help." Weigher does not explain, however, how Dr. Symons has acted towards Weigher after Dr. Symons "changed his tune." Without more details, such facts cannot support a claim of deliberate indifference.

Weigher's allegations regarding PA Thompson also fall short of establishing a plausible claim of deliberate indifference. Weigher alleges only that Thompson did not find anything wrong with Weigher's back and consequently did not help Weigher with his back problem. We agree with the District Court that such a claim of misdiagnosis would sound in negligence as a malpractice suit, and does not constitute deliberate indifference.

In his original complaint, Weigher also listed the Pennsylvania Department of Corrections ("DOC"), Franklin Tennis, and Jeffy [sic] Bear as defendants. Although Weigher arguably did not intend to pursue claims against those defendants, since they were not mentioned in his amended complaint, we will briefly address the claims against them. With regard to the DOC, the District Court properly determined that the Eleventh Amendment bars claims for damages against the DOC, a state agency that did not waive its sovereign immunity. See Edelman v. Jordan, 415 U.S. 651, 663 (1974). In terms of

5

Tennis and Bear — presumably Rockview prison officials — Weigher does not allege any claims against them beyond listing them as defendants, and accordingly does not state a claim for relief.

We note that in addition to his original and amended complaint, Weigher also filed a "declaration" after the District Court granted a motion allowing Weigher to submit any additions to his amended complaint. It is unclear whether the District Court considered the declaration in reaching its decision. Liberally construing Weigher's filings, see Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004), we will briefly address Weigher's declaration.

The declaration is largely illegible and confusing, but part of it seems to claim that someone is "trying to kill the plaintiff," and that if Weigher does not receive proper treatment "he will die." The declaration also mentions Bear, and seems to claim that Bear and others "no [sic] of [Weigher's] condition." These assertions, however, are simply bare allegations without sufficient facts to support them. Weigher had a chance to flesh out these allegations in his original and amended complaint, and he did not take advantage of the opportunity to file a second amended complaint. Because the bare allegations in Weigher's declaration are not supported by further facts in any of his filings, we reach the same conclusion that Weigher has failed to state a claim for relief.

Weigher also appeals from the District Court's denial of his motion to appoint counsel. A court may appoint counsel if a plaintiff's claim has arguable merit and if the relevant Tabron factors suggest that he or she will not be able to effectively litigate pro

6

se.  See Tabron v. Grace, 6 F.3d 147, 155-58 (3d Cir. 1993).  Because Weigher's claims are without merit, we agree with the District Court's assessment that Weigher was not entitled to counsel.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.  In light of our disposition, Weigher's request for appointment of counsel is denied as moot.